**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:17-CV-070-DCK**

| | |
|---|---|
| **CRYSTAL GAIL BRYSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 15) and Defendant's "Motion For Summary Judgment" (Document No. 21). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, applicable authority, and oral arguments, the undersigned will direct that Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 15) be granted; that Defendant's "Motion For Summary Judgment" (Document No. 21) be denied; and that the Commissioner's decision be vacated.

### I. BACKGROUND

Plaintiff Crystal Gail Bryson ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 2). Plaintiff originally filed applications for disability benefits and supplemental social security income on or about July 19, 2010, alleging disability beginning July 16, 2010. (Tr. 23). On February 10, 2012, an Administrative Law Judge, Todd D. Jacobson ("ALJ Jacobson"), issued an unfavorable decision, which Plaintiff did not appeal. (Transcript of the Record of Proceedings

("Tr.") 73-85). ALJ Jacobson determined that Plaintiff was not disabled between July 16, 2010, and February 10, 2012. (Tr. 84-85).

On or about June 21, 2013, Plaintiff filed a second application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1983, alleging an inability to work due to a disabling condition beginning February 11, 2012. (Tr. 13, 209). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's second application initially on August 30, 2013, and again after reconsideration on December 10, 2013. (Tr. 13, 135, 144). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 144).

Plaintiff filed a timely written request for a hearing on December 31, 2013. (Tr. 13, 154). On September 24, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Valorie Stefanelli (the "ALJ"). (Tr. 13, 38-69). In addition, Kathryn H. Mooney, a vocational expert ("VE"), and David Lund, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on February 10, 2016, denying Plaintiff's claim. (Tr. 10-12, 13-27). On March 31, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on March 7, 2017. (Tr. 1-3, 8). The ALJ decision

became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on April 20, 2017. (Document No. 2). On July 26, 2017, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 12).

Plaintiff's "Motion For Judgment On The Pleadings F. R. Civ. Pro. 12(c)" (Document No. 15) and Plaintiff's "Memorandum Of Law In Support Of Plaintiff's Motion For Judgment On The Pleadings" (Document No. 16) were filed on October 2, 2017; and the Commissioner's "Motion For Summary Judgment" (Document No. 21) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 22) were filed January 8, 2018. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

On May 2, 2018, the undersigned scheduled this matter for a hearing on June 7, 2018, and directed the parties to make a good faith attempt to resolve or narrow the issues. (Document No. 24). The parties filed a "Joint Notice" (Document No. 25) on May 15, 2018, reporting that their attempt to resolve or narrow the issues had failed.

The undersigned held a hearing in this matter on June 7, 2018, allowing the parties one more opportunity to present their arguments. Based on the foregoing, the pending motions are now ripe for review and disposition.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards.

Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 21, 2013, and the date of her

4

decision.[1] (Tr. 27). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

    (3)    whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

    (4)    whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

    (5)    whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 26).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 21, 2013, her alleged disability onset date. (Tr. 15). At the second step, the ALJ found that lumbago, cervical strain, major depressive disorder, and anxiety disorder were severe impairments.[2] (Tr. 15). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 16).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform less than a full range of light work activity, with the following limitations:

> She is limited to simple, routine, repetitive tasks with only occasional decision making and occasional changes to the work duties. She is restricted to only occasional non-intense contact with others necessary to perform all work duties.

(Tr. 18). Additionally, the ALJ found Plaintiff to have moderate difficulties with regard to concentration, persistence, or pace. Id. In making her finding, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 19).

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a machine operator and shipping/receiving. (Tr. 25). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience,

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 26). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a hotel housekeeper, dining room attendant, small parts assembler, electronics-semi-conductor, nut sorter, and food and beverage order clerk. (Tr. 26). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 21, 2013, and the date of her decision, February 10, 2016. (Tr. 27).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred by failing to address medical impairments, including failing to apply SSR 12-2p's special technique for fibromyalgia; (2) the ALJ erred in failing to address the prior decision; and (3) the ALJ erred in finding that Plaintiff has the RFC to perform a reduced range of light work. (Document No. 16, p.8-12). The undersigned finds that remand is appropriate under Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) and thus will address only this issue.

**RFC Determination and Mascio**

Plaintiff argues that the ALJ erred in finding an RFC to perform a reduced range of light work. (Document No. 16, p.12). Plaintiff explains that in determining an RFC, the ALJ is required to discuss whether a claimant can perform each relevant function, "on a constant and consistent basis for a full workday or workweek." (Document No. 16, p.13) (citing Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)). Plaintiff testified to being in severe chronic pain and maintains that her limitations prevent her from performing substantial gainful employment at any exertional level. (Document No. 16, p.13-14). Plaintiff also contends that the RFC formulation failed to account for the ALJ's findings that Plaintiff had moderate difficulties in concentration, persistence, or pace. (Document No. 16, p. 15-16). Plaintiff again cites Mascio in support of the proposition

7

that an ALJ does not account for limitations in concentration, persistence, or pace by restricting a claimant's RFC to simple, routine tasks or unskilled work. (Document No. 16, p. 15) (citing Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015)).

In response, Defendant contends that remand is inappropriate because the ALJ's decision is supported by substantial evidence in the record. (Document No. 22, p.8). Defendant explains that Plaintiff's subjective complaints alone do not establish disability and are not the basis for a more restrictive RFC. Id. See 20 C.F.R. § 416.929(a). Further, the ALJ cited several physical examinations, each revealing only mild findings. (Document No. 22, p. 9). Defendant likewise asserts that the ALJ's characterization of Plaintiff's mental impairments were reasonable and supported by substantial evidence. (Document No. 22, p.10). Plaintiff's objective mental examinations revealed only minor findings and Plaintiff lacked compliance with her mental health treatment. Id.

Finally, Defendant contends that Mascio is erroneously cited and is only applicable where an ALJ "*gave no explanation*" as to a claimant's ability to perform a function for a full workday. (Document No. 22, p. 8) (Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015)) (emphasis added). Defendant maintains that the ALJ provided ample support for her findings.

The undersigned respectfully disagrees with Defendant's conclusion. The Court is not persuaded that the ALJ sufficiently accounted for Plaintiff's moderate difficulties in concentration, persistence, or pace in her RFC finding. The ALJ specifically held that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." (Tr. 18). The ALJ noted evidence that Plaintiff, "had problems with memory, completing tasks, and concentrating," but did not account for such limitations in the RFC. Id.

Pursuant to Mascio, an ALJ must explain how a Plaintiff's limitations affect her ability to work where she is limited to "simple, routine, repetitive tasks." Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). In Mascio, the Fourth Circuit explained that:

> we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple routine tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638.

While Defendant may ultimately be correct that Plaintiff can perform a reduced range of light work, the undersigned finds that the ALJ's opinion fails to adequately address Plaintiff's moderate limitations with regard to concentration, persistence, or pace. Therefore, the ALJ's decision is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See also Worley v. Berryhill, 3:16-CV-813-DCK, 2016 WL 1566340 (W.D.N.C. Mar. 30, 2018); Burnham v. Colvin, 1:17-CV-226-FDW, 2016 WL 3456934 (W.D.N.C. June 21, 2016); Brooks v. Berryhill, 5:16-CV-086-RLV-DCK, (W.D.N.C. March 8, 2017); and Mills v. Berryhill, 3:16-CV-598-DCK, 2017 WL 1682548 (W.D.N.C. Apr. 28, 2017).

The undersigned also observes that at the hearing on June 7, 2018, Plaintiff's counsel asserted that the record includes a state Medicaid report that the ALJ did not address in her opinion. On remand, consistent with recent Fourth Circuit case law, the ALJ and the parties should consider the relevance of that report to this matter. See Woods v. Berryhill, 1:16-CV-058-MOC-DLH, 888 F.3d 686 (4th Cir. 2018).

## IV. CONCLUSION

The Court appreciates the hearing preparation and oral advocacy of counsel for both parties. The undersigned notes, however, that Plaintiff's counsel seemed somewhat unfamiliar with the Mascio decision even though it was argued in the briefs. Greater familiarity with a recent important decision that is central to the case might have proved helpful in a number of ways; moreover, the Court is left to wonder whether the parties actually conferred prior to the hearing as directed. See (Document Nos. 25 and 26). In any event, after reviewing the parties' papers and considering the oral arguments at the motions hearing, the undersigned is persuaded that this matter should be remanded for further consideration.

In short, the undersigned is not persuaded that the decision is supported by substantial evidence and applies the correct legal standard for the reasons discussed above. As such, the undersigned will direct that the Commissioner's decision be vacated. On remand, an ALJ should consider all of Plaintiff's alleged errors here.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 16) is **GRANTED**; Defendant's "Motion For Summary Judgment" (Document No. 22) is **DENIED**; and the Commissioner's determination is **VACATED**, and this matter is **REMANDED** for further consideration.

**SO ORDERED**.

Signed: June 11, 2018

David C. Keesler
United States Magistrate Judge