**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-070-DCK**

| | |
|---|---|
| **CRYSTAL GAIL BRYSON,** )<br> )<br> **Plaintiff,** )<br> )<br> v. )<br> )<br> **NANCY A. BERRYHILL,** )<br> **Acting Commissioner of Social Security,** )<br> )<br> **Defendant.** )<br> ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Consent Motion For Payment Of Attorney Fees Under The Equal Access To Justice Act" (Document No. 29) filed August 7, 2018. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will respectfully deny the motion, without prejudice.

The undersigned is concerned that the instant motion does not fully comply with the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which requires: submission within thirty (30) days of final judgment; an itemized statement from any appearing attorney stating the actual time expended and the rate at which fees and other expenses were computed; and an allegation that the position of the United States was not substantially justified. Moreover, the undersigned is not persuaded that Plaintiff's current request for $5,000.00 is reasonable under the circumstances of this case. See Oates v. Berryhill, 3:16-CV-726-DCK, 2018 WL 1884989 (W.D.N.C. Apr. 19, 2018).

This was not a novel or complex case; in fact, as the final "Order" indicates, this Court has remanded numerous similar cases based on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). See

(Document No. 27, p. 9). The undersigned respectfully notes that at the motions hearing in this matter Plaintiff's counsel seemed unfamiliar with the Mascio decision even though it was cited in Plaintiff's brief and was ultimately the primary reason Plaintiff prevailed in this matter. See (Document No. 16, pp. 15-16; Document No. 27, pp. 7-10). Counsel's inability to address that case/argument, and her own description of the work done in this case, strongly suggest that either counsel for the parties did not confer as directed, or that they conferred without discussing Plaintiff's strongest argument. See (Document Nos. 25 and 29-4).

In short, the undersigned finds that the requested fees are excessive. Nevertheless, Plaintiff may file a renewed motion that complies with the statute. Any renewed motion should clarify which attorney for Plaintiff did the described work and the rate they propose to charge for their work.

**IT IS, THEREFORE, ORDERED** that the "Consent Order For Payment Of Attorney Fees Under The Equal Access To Justice Act" (Document No. 29) is respectfully **DENIED WITHOUT PREJUDICE**.

Signed: August 15, 2018

David C. Keesler
United States Magistrate Judge